**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3599
_____

GEORGE ARSENIS; CHRYSSOULA ARSENIS; SPYRIDON M. ARSENIS

v.

BLUE FOUNDRY BANCORP

George Arsenis; Chryssoula Arsenis,
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:24-cv-08978)
District Judge:  Honorable Robert Kirsch
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: July 16, 2026)
_____

OPINION[*]
_____

PER CURIAM

　　Pro se appellants George and Chryssoula Arsenis filed a complaint in

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

the District Court against Blue Foundry Bancorp, the holding company for their mortgage servicer. Blue Foundry Bancorp moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The District Court granted the motion and dismissed the complaint with prejudice.[1] Chryssoula Arsenis appealed. We initially dismissed the appeal as untimely because it appeared that it had been filed on March 7, 2025, but we subsequently vacated that order and notified the parties that the appeal would be submitted to a panel for reconsideration of the jurisdictional issue and for possible summary action. That appeal, C.A. No. 25-1410, remains pending.

In the meantime, George Arsenis filed in the District Court a "motion to correct clerical error" pursuant to Fed. R. Civ. 60(a). He argued that the District Court Clerk's Office entered the wrong filing date when it docketed the notice of appeal initiating C.A. No. 25-1410, and that, as a result, we erroneously dismissed the appeal as untimely. He asked the District Court to correct the docket to "enable the Court of Appeals to consider [their] appeal on the merits and . . . restore fairness and accuracy to the record." Mot. 3, ECF No. 20. The District Court denied relief on the ground that Rule 60(a) cannot be used to challenge this Court's timeliness ruling. Appellants now seek review of the District Court's order.[2]

---

[1] The District Court detailed the Arsenises' "unrelenting, obstructive, and frivolous use of calculated and procedurally improper antics designed to delay and thwart state court proceedings and judgments in this and more than a dozen other state and federal cases at all levels of the judicial system." Lttr Order 1, ECF no. 24 (cleaned up).

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

We will affirm. In their brief, Appellants primarily challenge the District Court's order dismissing their complaint, arguing that the court improperly resolved disputed facts and applied incorrect legal standards. But the District Court's order dismissing the complaint is on appeal in C.A. No. 25-1410—not here. Therefore, we will not review it in this appeal. Appellants also purport to appeal from this Court's now-vacated order dismissing the appeal in C.A. No. 25-1410. We do not, however, have appellate jurisdiction over our own order, *see* 28 U.S.C. § 1291, and, in any event, that order has been vacated. Lastly, to the extent that Appellants seek review of the District Court's order dismissing the Rule 60(a) motion, we agree with the District Court that they were essentially challenging our untimeliness analysis, not a "clerical mistake." Fed. R. Civ. P. 60(a); *see also Pfizer Inc. v. Uprichard*, 422 F.3d 124, 130 (3d Cir. 2005) ("The relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." (cleaned up)). Moreover, given that the purpose of the Rule 60(a) motion was to restore their appeal in C.A. No. 25-1410, they have already obtained the relief they sought.

Accordingly, we will affirm. All pending motions are denied.

3